1
2
3
4
5          UNITED STATES DISTRICT COURT
6          NORTHERN DISTRICT OF CALIFORNIA
7
8    In Re.                                    No. C 13-243 SI (pr)
9    KELVIN J. JONES,                          **ORDER OF DISMISSAL**
10               Petitioner.
11   _____/
12
13         Kelvin J. Jones wishes to challenge his state court criminal conviction.  Rather than filing
     a petition for writ of habeas corpus, he filed a letter requesting an extension of time to file a
14
     petition for writ of habeas corpus.
15
           The court cannot provide the requested extension of time on the habeas statute of
16
     limitations deadline, 28 U.S.C. § 2244(d).  Under general principles derived from the "case or
17
     controversy" requirement of Article III, Section 2, of the United States Constitution, a federal
18
     court may not issue advisory opinions.  *See United States v. Cook*, 795 F.2d 987, 994 (Fed. Cir.
19
     1986) (district court erred in tolling statute of limitations as to future claims by persons not party
20
     to the case before the court).  Federal courts do not "'sit to decide hypothetical issues or to give
21
     advisory opinions about issues as to which there are not adverse parties before [them].'" *Id.*
22
     (quoting *Princeton University v. Schmid*, 455 U.S. 100, 102 (1982)).  There is no concrete
23
     dispute for this court to decide: Jones' request in essence asks the court to determine in advance
24
     whether his petition for writ of habeas corpus will be time-barred if it is filed at some
25
     unspecified date in the future which may or may not be within the one-year period prescribed
26
     by 28 U.S.C. § 2244(d).  This court could not grant the requested relief without offending the
27
     Constitution's case or controversy requirement.  Although Jones obtains no relief today, he is not
28

**United States District Court**
For the Northern District of California

forever barred from requesting relief.  If and when Jones files a late habeas petition, he may make an argument that the limitations period should be equitably tolled.  *See Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) ("[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.")  At that point, and not before then, a court will consider whether the statute of limitations should be tolled.  The request for an extension of time is DENIED.  (Docket # 1.)

In his letter, Jones indicates that his state court appeal was filed in the Second Appellate District, Division Five.  That suggests that the *Northern* District is not the right district for Jones' eventual federal habeas petition.  The Second Appellate District hears appeals of convictions in Los Angeles, San Luis Obispo, Santa Barbara, and Ventura counties.  If Jones' conviction occurred in one of those counties, he should file his federal habeas petition in the U.S. District Court for the *Central* District of California.

There is no case or controversy over which the court may exercise jurisdiction.  The action is therefore DISMISSED.  The clerk shall close the file.

IT IS SO ORDERED.

DATED: April 24, 2013

_____
SUSAN ILLSTON
United States District Judge

United States District Court
For the Northern District of California